IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS J. BROOKS,                )
    Plaintiff,               )
                                 )
v.                               )   Civil Action No.  97-2083
                                 )
AMERICAN CENTENNIAL INSURANCE    )
COMPANY,                         )
    Defendant.               )

AMENDED MEMORANDUM

Gary L. Lancaster,
District Judge                                September 28, 2005

    Before the court is defendant's motion for reconsideration of our August 26, 2005 order. Defendant contends that this court erred in excluding certain evidence as a sanction for defendant's breach of its discovery duties. Defendant's motion is denied.

    The fundamental flaw in defendant's argument is that it only searched for the withheld evidence after the Court of Appeals for the Third Circuit "elevated the importance of TUI to the issue of 'notice'". The issue of notice was always "elevated" -- it is dispositive to this case. TUI's involvement with the notice issue would similarly have been properly "elevated" had defendant conducted an adequate investigation into the facts of this case during discovery and provided the correct information to plaintiff then, rather than years after the close of discovery.

For instance, during discovery plaintiff asked defendant who was authorized to accept notice of a claim on its behalf. During discovery, defendant specifically denied that TUI was authorized to do so, and went so far as to indicate that no one was authorized to do so.[1] After discovery closed (in fact, after the Court of Appeals had sent the case back to this court with instructions that it be tried), defendant admitted that TUI was authorized to accept notice of a claim. What's more, defendant was then able to produce documents to prove this fact and a witness with detailed knowledge on the issue.

Furthermore, during discovery plaintiff asked for information on how defendant would monitor and/or process claims against Eazor. During discovery, defendant was unable to provide much information on this issue. After discovery, defendant provided a detailed description of its claims processing procedures, and, most importantly, TUI's central role in beginning the process by delivering notice of a claim to defendant. What's more, defendant was then able to produce documents and a witness with very detailed information on the issue.

---

[1]   We note, making defendant's "lack of notice" defense very easy to prove through summary judgment, or at trial.

2

TUI's role in receiving notice was always "elevated", in reality. However, plaintiff was not aware of that critical fact because defendant provided plaintiff with misinformation, or claimed to lack information, on critical issues during discovery.

Defendant cannot now defend its actions by claiming that certain evidence cannot be excluded because plaintiff failed to specifically request documents regarding the defendant-TUI relationship during discovery. If, as defendant contended during discovery, TUI could not receive notice on defendant's behalf, then TUI was not relevant to a case that sought only to determine when defendant had received notice. The problem is that defendant threw plaintiff off track by making further discovery regarding TUI, and the TUI-defendant relationship, irrelevant. Therefore, even were we to find that plaintiff had not asked for such documents in discovery, we would find that it was because plaintiff was led to believe that the documents were not relevant to the case.

Nor can defendant defend itself by claiming that it withheld this evidence in good faith. In order to reach such a conclusion, we would have to find that when asked during discovery to identify who could receive notice of a claim on defendant's behalf, defendant honestly believed that it had no duty to conduct a thorough investigation into the issue. Had

3

defendant done even the most basic of investigations, it would have at least discovered the claims manual in place at the time, which indicated that TUI provided notice of claims to defendant. This, of course, would have led plaintiff to conduct a more detailed investigation into TUI, and its relationship with defendant. Defendant's claim that it failed to provide this information under a good faith belief that it had not been requested is not credible.

To the extent that defendant now contends that exhibit F to the Furlong affidavit was produced in discovery, we will address that issue at the pre-trial conference, when we have the benefit of plaintiff's presence. We were under the impression that it had not been exchanged, and therefore, it was excluded. To the extent that we are able to determine that the exhibit was exchanged during discovery, defendant will be free to use it at trial.

THEREFORE, this 28th day of September, 2005, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [doc. no. 71] is DENIED.

BY THE COURT,

/s/ *[signature]*, J.

cc:   All Counsel of Record

AO 72A
(Rev.8/82)